14UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY COLLETTI as Personal
Representative for the Estate of
RICHARD COLLETTI,

       Plaintiff,                          Case No. 14-cv-13538
                                            Hon. Matthew F. Leitman

v.

MENARD, INC. and JOHN DOE,

       Defendants.
_____/

## ORDER REQUIRING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFS WITH RESPECT TO PLAINTIFF'S MOTION TO REMAND (ECF #3)

On September 4, 2014, Plaintiff Cindy Colletti ("Plaintiff"), as Personal Representative for the Estate of Richard Colletti, filed a negligence action in the Macomb County Circuit Court against Defendant Menard, Inc. ("Menard"). (*See* Complaint, ECF #1-2.) Menard thereafter timely removed the action to this Court. (*See* Notice of Removal, ECF #1.) There is no dispute that, at the time of removal, removal was proper and this Court had subject-matter jurisdiction over this action.

Following removal, Plaintiff filed a First Amended Complaint. (*See* First Am. Compl., ECF #2.) Plaintiff filed this amended pleading within twenty-one days of service of the Complaint and before Menard filed a responsive pleading. It appears Plaintiff believed she had the right to file this amended pleading pursuant

1

to Federal Rule of Civil Procedure 15(a)(1)(A).  In her First Amended Complaint, Plaintiff added a second defendant, a then-unknown Menard's employee identified only as "John Doe."   (*See* ECF #2.)   Plaintiff alleged that this "John Doe" Defendant is a Macomb County, Michigan resident.  (*See id.* at ¶3.)   Plaintiff further alleged that the "John Doe" Defendant acted negligently and breached certain duties owed to Richard Colletti, the decedent in this action.  (*See id.* at ¶¶17-22.)

On September 24, 2014, Plaintiff filed her instant Motion to Remand.  (*See* ECF #3.)  Plaintiff argues that the "John Doe" Defendant's Michigan citizenship "destroys the complete diversity [] Menard's claimed in their Notice of Removal…."  (*Id.* at 2, Pg. ID 43.)  Thus, Plaintiff claims, this Court now lacks subject-matter jurisdiction to hear this action.  In response, Menard made a single argument: that "[p]ursuant to 28 U.S.C. § 1441(b), the citizenship of a "John Doe" defendant is disregarded when determining whether diversity jurisdiction exists under 28 U.S.C.§ 1332(a)."  (Def.'s Brief at 2, Pg. ID 67.)   In her reply brief, Plaintiff says that she has now identified the "John Doe" Defendant, that she has confirmed that he resides in Michigan, and that she will soon request leave to file a Second Amended Complaint replacing the "John Doe" Defendant with the name of the newly-identified Menard's employee.  (*See* ECF #7.)

The Court has reviewed the parties' filings with respect to Plaintiff's Motion to Remand and conducted its own independent research.  There appears to be some authority for the proposition that where, as here, following removal a plaintiff amends her Complaint as a matter of course to add a non-diverse Defendant, the Court need not automatically remand the action.  This authority suggests that pursuant to 28 U.S.C. § 1447(e), the Court may "deny joinder[] *or* permit joinder and remand the action to the State Court."  *Id.* (emphasis added).  *See also Phillip-Stubbs v. Walmart Supercenter*, 12-cv-10707, 2012 WL 1952444 at *3-*4 (E.D. Mich. May 25, 2012); *Mayes v. Rapoport*, 198 F.3d 457, 461-463 (4th Cir. 1999).

The Court would benefit from additional briefing on the applicability of 28 U.S.C. § 1447(e) and whether it should deny or permit joinder of the added Defendant in this case.[1]  Accordingly, **IT IS HEREBY ORDERED THAT** the parties shall submit supplemental briefing, not to exceed 15 pages, addressing the following:

---

[1] The Court believes that given Plaintiff's identification of the non-diverse individual Defendant, Menard's argument related to whether the Court should disregard the citizenship of a "John Doe" defendant is no longer relevant to the decision on whether to remand this action.  Even if the Court were to decide that it should disregard the citizenship of a "John Doe" defendant and were to deny Plaintiff's Motion to Remand on that ground, the Court would then immediately be confronted with a motion from Plaintiff requesting leave to amend the First Amended Complaint to replace "John Doe" with the now-identified name of the Menard employee.  The Court would then find itself in the same position it is in now – confronting whether it should permit Plaintiff to join the additional non-diverse individual Defendant in this action and whether to remand this action to state court.

1)      Whether 28 U.S.C. § 1447(e) applies under current procedural posture of this action; and

2)      Whether the Court should permit or deny Plaintiff's amendment joining the additional non-diverse individual Defendant in this action.  Among other factors, the parties shall address "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; [] (4) any other factors bearing on the equities;" and (5) "the diverse defendant's interest in selecting a federal forum." *Phillip-Stubbs*, 2012 WL 1952444 at *4.

While the parties are free to cite any authority in their supplemental briefs, the Court is most interested in decisions from the United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, and this Court.

Plaintiff shall file her supplemental brief within fourteen (14) days of the date of this Order.  Defendants shall file their supplemental brief within fourteen (14) days after Plaintiff's filing.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2014

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 22, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113